## WITHERHEAD v. ALLEN.

September, 1867.

Reversing 28 *Barb.* 661.

The liability of individual members of a joint-stock company, after judg-ment and execution unsatisfied against the company, under *L.* 1849, ch. 258, § 1, as amended by *L.* 1853, ch. 153, is that of partners, and con-sists in the original demand against the company, not the judgment against it.[*]

The complaint therefore must allege a subsisting cause of action against the company, on the original demand. Alleging that the company be-came indebted to plaintiff for goods sold, without alleging a sum *now due*, or a breach in any form, is not enough, even where judgment and execution unsatisfied is alleged.

George Witherhead sued Elijah B. Allen and nine others in the supreme court to charge them as members of a joint-stock company.

The action was commenced under the statute of 1849, entitled "An act in relation to suits by and against joint-stock com-panies and associations," as amended in 1853, against the appel-lants and seven other persons, alleged to be members of a joint-stock association, after judgment and execution against the company.

By section 1 of that act, "any joint-stock company or associa-

[*] Compare Miller *v.* White, 50 *N. Y.* 137; rev'g 10 *Abb. Pr. N. S.* 385; S. C., 59 *Barb.* 434. Conklin *v.* Furman, 48 *N. Y.* 527; affi'g 57 *Barb.* 484; S. C., 8 *Abb. Pr. N. S.* 161. Hall *v.* Sigel, 13 *Abb. Pr. N. S.* 185.

tion consisting of seven or more shareholders or associates, may sue and be sued in the name of the president or treasurer for the time being of such joint-stock company or association ; and all suits and proceedings so prosecuted by or against such joint-stock company or association, and the service of all process or papers in such suits and proceedings on the president or treasurer for the time being of such joint-stock company or association, shall have the same force and effect as regards the joint rights, property, and effects of such joint-stock company or association, as if such suits and proceedings were prosecuted in the names of all the shareholders or associates, in the manner now provided by law." *L.* 1849, ch. 258, § 1.

Section 4, as amended in 1853, enacts as follows : " Suits against any such joint-stock company or association in the *first* instance *shall be prosecuted* in the manner provided in the first section of the said act; but after judgment shall be obtained against any such joint-stock company or association as above provided, and execution thereon shall be returned unsatisfied in whole or in part, suits may be brought against any or all of the shareholders or associates, individually, as now provided by law." *L.* 1853, ch. 153.

The allegations of the complaint, omitting numbers and details, were as follows :

That the defendants were, during the year 1857, members of and shareholders in a joint-stock company or association, duly organized and styled and known as " The Ontario & St. Lawrence Steamboat Company." That during 1857, and while the defendants were members thereof, the company became indebted to the plaintiff for goods sold and delivered to its officers and agents, for its use and benefit in the sum of, &c. That on a day named he commenced an action against the company, on the said demand, in the supreme court, by the service of a summons and complaint on its president, and on, &c., obtained a judgment for a specified sum, damages, and another specified sum, costs. Which was docketed, &c.

That on the same day an execution upon such judgment was issued and delivered to the sheriff of St. Lawrence county, requiring him, &c. That said execution has been returned wholly unsatisfied and the judgment remains wholly unpaid.

Wherefore plaintiff in this action demanded judgment against defendants for the amount of the judgment against the company, with interest.

Defendants demurred, that the complaint did not state facts sufficient to constitute a cause of action.

Judgment against defendants upon the demurrer as frivolous was granted at chambers, and final judgment was thereupon entered.

*The supreme court,* on appeal from the decision, held that the complaint was good, and contained all the facts necessary for a cause of action against the defendants; and, whether the shareholders were individually liable for the costs of the judgment against the company or not, the demurrer was frivolous. The court, however, were of opinion that their liability was on the judgment which merged the original demand; and therefore, they were liable for the costs. The court accordingly affirmed the judgment. Reported in 28 *Barb.* 661.

Defendants appealed.

*Myers & Westbrook,* for defendants, appellants; — Cited Western R. R. *v.* Kortright, 10 *How. Pr.* 457; S. C., 5 *Abb. Pr.* 30; 28 *Barb.* 661; King *v.* Stafford, 5 *Id.* 30; *Code,* § 246, subd. 2; §§ 269, 348; Bailey *v.* Banker, 3 *Hill,* 188, 192; *Statutes,* 1849, 1853; *Chitty Pl.* 43; D. R. Church *v.* Wood, 8 *Barb.* 42; Rayner *v.* Clark, 7 *Id.* 581; *L.* 1853, p. 283; Moss *v.* Rossie Lead Mining Co. and Moss *v.* McCullough, 5 *Hill,* 131, 137; Cullough, 2 *Den.* 119; Moss *v.* Oakley, 2 *Hill,* 265; Allen *v.* Harger *v.* McSewall, 2 *Wend.* 327; *Van Santvoord's Pl.* 730; Neefus *v.* Kloppenburgh, 2 *Code,* 76; Nichols *v.* Jones, 6 *How. Pr.* 358; Rayner *v.* Clark, 7 *Barb.* 581.

*Magone & Partridge,* attorneys for plaintiff, respondent; — Cited *Code,* § 247; § 136, subd. 3; Witherspoon *v.* Van Dolar, 15 *How. Pr.* 266; Fales *v.* Hicks, 12 *Id.* 153; Marquisee *v.* Brigham, *Id.* 399; Shearman *v.* N. Y. Central Mills, 1 *Abb. Pr.* 187; Bank of Lowville *v.* Edwards, 11 *How. Pr.* 216; Appleby *v.* Elkins, 2 *Sandf.* 672; Brown *v.* Ward, 3 *Duer,*

660; Harrington v. Higham, 15 *Barb.* 524; Parker v. Jackson, 16 *Id.* 33; Merrifield v. Cooley, 4 *How. Pr.* 272; Catlin v. Billings, 10 *N. Y.* 622; Ingersoll v. Bostwick, 22 *Id.* 425; *L.* 1849, c. 258, § 1; 1853, c. 153, § 4; Slee v. Bloom, 20 *Johns.* 669; Moss v. Oakley, 2 *Hill,* 265; Moss v. McCullough, 7 *Barb.* 279, 5 *Hill,* 131; Strong v. Wheaton, 38 *Barb.* 616; Allen v. Sewall, 2 *Wend.* 327; Harger v. McCullough, 2 *Den.* 119; Corning v. McCullough, 1 *N. Y.* (1 *Comst.*) 47; Griswold v. Loverty, 12 *N. Y. Leg. Obs.* 316; S. C., 3 *Duer,* 690; Wesley v. Bennett, 5 *Abb. Pr.* 498; 6 *Duer,* 688; People v. Mayor, &c. of N. Y., 8 *Abb. Pr.* 19; Lord v. Vreeland, 24 *How. Pr.* 316; S. C., 15 *Abb. Pr.* 122, aff'g 13 *Abb. Pr.* 195.

BY THE COURT. — J. M. PARKER, J. [After stating the facts.]—The question brought here by the appeal is upon the issue of law raised by the demurrer: Does the complaint state facts sufficient to constitute a cause of action? Manning v. Tyler, 21 *N. Y.* 567; *Id.* 502; East River Bank v. Rogers, 7 *Bosw.* 493.

[The learned judge then recited the statutes above quoted.] —The joint-stock companies mentioned in these acts, are not corporations, but mere partnership concerns, in which the shareholders are partners, and all individually liable as such. These statutes, however, modify the common law in its application to them: First, in respect to the mode of suing the company, and the effect of judgments against it thus obtained, reaching the joint property of the association only: Second, in suspending the right to sue the parties individually for the liabilities of the company, until redress has been thus sought against the property of the association and has failed: Third, in allowing actions after such failure, against any or all of the individual partners, in the language of the act, "as now provided by law," that is, such actions as might have been brought, if the act in question had not been passed.

It seems to me that we can not, from these enactments, infer the intent to authorize actions against the individual partners *upon the judgments* so to be obtained against the association. No action can be brought against the individual partners upon any demand against the company, until one has been first brought

against the company *upon the same demand*, is the clear declaration of the statute. The cause of action, therefore, on which the individual partners are to be sued, is the same as ·that on which the association was sued. The·judgment against the association is not a judgment against the individuals, either in form or effect. It is a statutory judgment, and the statute declares what its effect shall be, that is, as ·regards the joint rights, property and effects of the joint-stock company, the same as though it were a judgment obtained in an action ·brought against the company in the ordinary way. As against the individual partners it has no force as a judgment, beyond the effect given it by the statute, and is not a substantive cause of action against them. Bailey *v.* Bancker, 3 *Hill*, 188, 192.

In bringing an action, then, against the individual partners, the complaint should set forth such facts as are sufficient to show the original cause of action against the association, in addition to those made necessary by the act, showing the attempt and failure to collect the demand by judgment and execution. out of the property of the association.

In the case at bar, it would seem that the pleader proceeded upon the idea that a recovery was to be had upon the judgment . against the association, and his demand for judgment is for the amount of that judgment, damages and costs. The defendants' counsel claims that the complaint being upon the judgment, the action can not be sustained.

If the pleader in setting forth his cause of action does in fact ·show a good cause of action, although not the one intended, his pleading will nevertheless be sustained upon demurrer, for 'it is to be measured, not by his view of the law, but by the law itself. We must look, then, into the complaint to ascertain whether it sets forth, by proper allegations, a cause of action independent of the judgment against the association.

It shows the defendants, members of the association, and, besides the proceedings to judgment against the association, and the return of the execution unsatisfied, alleges that during the time when they were such members thereof, "The said company became indebted to the plaintiff for goods sold and delivered to its officers and agents for its use and benefit, in the sum of one hundred and sixty-two dollars and fifty-one

cents." This is the whole statement of facts. Do they constitute a cause of action?

I confess I am quite unable to see a cause of action in the statement. The fact that the company, in 1857, became indebted to the plaintiff in a sum named, for goods sold and delivered to its officers and agents for its use, does not make out a present right of action against the company, without the further fact of a present duty and a breach of it. "The breach of the contract," says Chitty, "being obviously an essential part of the cause of action, must in all cases be stated in the declaration." 1 *Chitty Pl.* 365. This, in the complaint under consideration, is wholly wanting. It does not even allege an *existing* indebtedness.

In Allen *v.* Patterson, 7 *N. Y.* (3 *Seld.*) 476, the complaint was as follows: "The plaintiffs complain against the defendant for that the defendant is indebted to the plaintiffs in the sum of three hundred and seventy-one dollars and one cent for goods sold and delivered by the plaintiffs to the defendant at his request, on, &c., . . . and the plaintiffs say that there is *now due* them from the defendant, the sum of three hundred and seventy-one dollars and one cent, for which sum the plaintiffs demand judgment."

Upon demurrer this court held the complaint good, Judge JEWETT, who delivered the opinion of the court, remarking that it contains every statement of fact necessary to constitute a good *indebitatus* count in debt, according to the mode of pleading before the Code. But in that case the allegation that "there is now due to the plaintiffs three hundred and seventy-one dollars and one cent," plainly expressed the fact that the purchase price of the goods had become due and remained unpaid, and particular stress was laid by the court upon that allegation.

CHITTY, in speaking of the *indebitatus* count in debt, says: "The *indebitatus* count states that the defendant, on, &c., was 'indebted to the plaintiff,' in a named sum of money 'for goods sold,' . . . and although it has been usual to conclude each count with the allegation that 'by reason of the sum of money being unpaid, an action had accrued to the plaintiff to demand and have the same from the defendant, being parcel

of the money above demanded,' yet that allegation is unnecessary, and the *usual breach* at the end of the declaration will suffice." 1 *Chitty Pl*.394, 7 Am. ed. I am not aware of any case or any book of forms, before or since the Code, which dispenses with the allegation of a breach of the contract or duty on which the action is founded. Indeed, when the action is founded upon the contract, obligation, or duty of the defendant, the very gist and essence of the cause of action is the breach thereof by the defendant.

Unless a breach is alleged therefor, no cause of action is shown.

I am unable to avoid the conclusion that the demurrer is well taken, and that the judgment of the court below is erroneous and should be reversed.

All the judges concurred, except GROVER and HUNT, JJ., and FULLERTON, J., not voting.

Judgment reversed, and judgment for defendant on demurrer, with costs.