LEVI W. FLAGG, Respondent, v. SAMUEL SWIFT and Others, Appellants.

*Unincorporated association — its members cannot be sued until an action has been brought against its president or treasurer — Code of Civil Procedure, sec. 1919.*

When an unincorporated association, consisting of more than seven members, has been formed, and has adopted by-laws and elected a treasurer, an action cannot be maintained against the individual members thereof upon a debt due from the association, unless an action has first been brought against its president or treasurer, as prescribed by section 1919 of the Code of Civil Procedure. *Park* v. *Spaulding* (10 Hun, 128) distinguished and criticised.

APPEAL from a judgment of the City Court of Yonkers in favor of the plaintiff, entered upon the verdict of a jury.

*Theodore Fitch*, for the appellant.

· *S. H. Thayer, Jr.*, for the respondent.

DYKMAN, J. :

There was in the city of Yonkers an association called the Yonkers Dramatic Club. It was a voluntary, unincorporated organization, and in it were more than seven members. A building was rented of the plaintiff for the use of this society, and this action is brought against three of the members for the recovery of the rent in arrear. The plaintiff had judgment in the trial court, from which an appeal is now taken.

Voluntary associations have occupied an anomalous position. At the common law they were regarded as partnerships in the transaction of business ( *Williams* v. *Bank of Michigan*, 7 Wend., 542), and yet there have always been many like the one in question, existing for pleasure and not for profit, which could not be brought within the definition of a partnership. What was intended by the common-law rule was that the members were personally responsible, as partners, for liabilities incurred by the association.

The old rule of law was changed with us in 1849 by a statute providing that any joint-stock company or association consisting of seven or more shareholders or associates might sue and be sued in the name of the president or treasurer. (Laws of 1849, chap. 258.) This law had some amendments in subsequent years, but they are not material here.

This statute wrought a change in the mode of commencing actions against voluntary associations, principally in the manner of suing the company, and by suspending the right to sue the partners individually in the first instance for the liabilities of the society. ( *Wither-head* v. *Allen*, 4 Abb. Ct. App. Dec., 628.)

Now the subject has been regulated by the Code of Civil Procedure, which provides that an action or special proceeding may be maintained against the president or treasurer of an unincorporated ssociation, consisting of ·seven or more persons, upon any cause of

action upon which the plaintiff may maintain such an action against all the associates by reason of their interest or ownership, either jointly or in common, or their liability therefor, either jointly or severally. Any partnership or other company of persons which has a president or treasurer is deemed an association within the meaning of this section. (Code of Civil Pro., § 1919.) The association in question here had a treasurer, and is within the provisions of this law.

The right to sue the members individually in the first instance for the society liabilities was clearly suspended. ( *Witherhead* v. *Allen, supra.*)

This examination shows that the action of the plaintiff was improperly brought against the defendants.

The case of *Park* v. *Spaulding* (10 Hun, 128), seems to be antagonistic to this view, but there was some difference between the cases. There the body was unorganized and had no constitution or by-laws or articles of association. Here by-laws were adopted and the club was organized. We are not, therefore, embarrassed by that decision.

If, however, it can be understood to go further than we assume, or to decide that an action may be maintained in the first instance against the members of an association, organized as was the one in question, for a liability of the society, it is out of harmony with the statute and decisions of the courts on the subject, and we are not bound to follow it.

The decision has been refused obedience by another court sitting in the same hall. (*Ebbighousen* v. *Worth Club*, 4 Abb. New Cases, 300.)

Our conclusion, therefore, is that this action cannot be maintained, and that the judgment must be reversed.

Judgment reversed and new trial granted, with costs to abide the event.

GILBERT, J. concurred; BARNARD, P. J., dissented.

Judgment of City Court reversed and new trial granted, costs to abide event.