(87 App. Div. 255.)

## COHEN v. WAGAR.

(Supreme Court, Appellate Division, First Department. November 6, 1903.)

1. MONEY RECEIVED—TRUSTEE IN BANKRUPTCY—ACTIONS—PLEADING—NONPAYMENT.

Where an insolvent had made an assignment for the benefit of creditors, and thereafter was adjudged a bankrupt, a complaint in an action by his trustee in bankruptcy to recover money alleged to have been had and received by defendant to the use of the bankrupt estate, merely alleging that such money belonged to plaintiff as trustee of the estate, and that no part of the same had been paid or turned over to plaintiff, without alleging that it had not been paid to the insolvent or his assignee, was insufficient.

Patterson and Hatch, JJ., dissenting.

Appeal from Special Term, New York County.

Action by J. Quintus Cohen, as trustee in bankruptcy of the estate of John T. Lee, against Mortimer H. Wagar, president of the Consolidated Stock & Petroleum Exchange of New York. From an interlocutory judgment overruling a demurrer to the complaint, defendant appeals. Reversed.

Argued before VAN BRUNT, P. J., and HATCH, PATTERSON, O'BRIEN, and LAUGHLIN, JJ.

Francis D. Pollak, for appellant.
Michel Kirtland, for respondent.

O'BRIEN, J. The only question to be determined is whether it was necessary for plaintiff, suing as trustee for money had and received for use of the estate, to allege and prove nonpayment to Lee or his assignee. The complaint alleges that the moneys in question were collected by the association, and received for the use of the estate, and belonged to the estate, "and now belong to plaintiff as

trustee thereof"; and that the plaintiff has demanded payment of the defendant, and no part of the sum "has been paid or turned over to the plaintiff." If the association properly paid the bankrupt or the assignee before demand by the plaintiff, the latter would have no claim against the defendant. Such facts, it is contended, would only constitute a defense; but must an association or an individual be called into a legal action merely for such a purpose, and in the absence of an allegation that it or he has been guilty of a breach of duty? To constitute a cause of action, the plaintiff must show, it seems to me, not only that the defendant collected moneys, but now has them and refuses, after a lawful demand, to pay them. This complaint fails not only to state that the moneys have not been paid to the bankrupt or his assignee, but fails to state that they are in existence, or in the possession of the defendant, the averment being that they were collected, and have not been paid to the plaintiff. In Lent v. N. Y. & Mass. R. R., 130 N. Y. 504, 29 N. E. 988, the rule is reaffirmed that in an action upon an alleged indebtedness an allegation of nonpayment is essential, and it was stated that it cannot be held that, because payment as a defense must be pleaded, the breach of the agreement need not be alleged in the complaint; that "no presumption can be indulged in that a defendant has failed in his duty, or omitted to perform his contract obligation." In Witherhead v. Allen, 4 Abb. Dec. 628, it was said:

"The fact that the company in 1857 became indebted to the plaintiff in the sum named * * * does not make out a present right of action against the company without the further fact of a present duty and the breach of it. * * * This, in the complaint under consideration, is wholly wanting. It does not even allege an existing indebtedness."

If the defendant collected moneys belonging to the estate of Lee, it then became the duty of the association to turn over such moneys to the assignee. But there is no averment that this has not been done, nor is it alleged that the defendant now has the moneys in its possession, or that prior to plaintiff's demand it had failed to turn them over to Lee or his assignee.

The interlocutory judgment should therefore be reversed, with costs, and the demurrer sustained, with costs, with leave to plaintiff to amend complaint upon payment of costs in this court and in the court below.

VAN BRUNT, P. J., and LAUGHLIN, J., concur.

PATTERSON, J. (dissenting). The plaintiff, a trustee in bankruptcy of the estate of John T. Lee, sued the defendant, as president of the Consolidated Stock & Petroleum Exchange of New York, and in his complaint alleged that a petition in bankruptcy was filed by creditors of the said Lee in the United States District Court, and that on September 23, 1901, Lee was adjudicated a bankrupt, and the plaintiff duly appointed his trustee in bankruptcy, and duly qualified as such. The complaint also alleges that the Consolidated Stock & Petroleum Exchange of New York is an unincorporated association, consisting of more than seven persons, and that Mortimer H. Wagar

is the president thereof. It then alleges, on information and belief, that on May 9, 1901, Lee made an assignment for the benefit of his creditors to George Buckmaster, who accepted the trust; and from and at all times between May 9, 1901, and the date of the filing of the petition in bankruptcy (August 27, 1901) Lee was insolvent, of all which the said association had knowledge; that subsequent to May 9, 1901, and within four months prior to the filing of the petition in bankruptcy against Lee, the Consolidated Stock & Petroleum Exchange, by or through its officers, collected, had, and received from divers persons, firms, and corporations then indebted to Lee certain sums of money, which sums were collected, had, and received to and for the use of the estate of John T. Lee, and which rightfully belonged to said estate, and now belong to the plaintiff, as trustee thereof. A further allegation is made "that heretofore, and before the commencement of this action, the aforesaid several sums and the total amount thereof were duly demanded by the plaintiff from said association, and no part thereof has been paid or turned over to the plaintiff." The defendant demurred to this complaint on the ground that it did not state facts sufficient to constitute a cause of action; the principal alleged defects pointed out being that there is no allegation contained in the complaint that the defendant failed to pay over the sums of money received by it to Lee or to his assignee, or that it still had the moneys at the time of plaintiff's appointment as trustee, or that the defendant is indebted to the plaintiff. Although there is no direct averment in form of an indebtedness to the plaintiff, yet allegations are contained in the complaint from which the inference is inevitable that the defendant has money which belongs to the plaintiff as trustee in bankruptcy, which has been demanded and payment of which has been refused by the defendant. It is not claimed that indebtedness in the ordinary sense of an obligation arising upon contract exists. Privity of contract is not required to sustain an action for money had and received, except that which results from the circumstances of the particular case. Roberts v. Ely, 113 N. Y. 128, 20 N. E. 606. Having money that rightfully belongs to another creates a debt. Whenever a debt exists without an express promise to pay, the law implies a promise, and the action sounds in contract. Byxbie v. Wood, 24 N. Y. 610. The question arising here is as to the right of the defendant to retain the money as against the plaintiff, the association having received it within four months prior to the filing of the petition in bankruptcy against Lee. A prima facie case is made out in pleading when the plaintiff alleges the receipt of the money by the defendant, the plaintiff's right to it, and the refusal of the defendant to pay it over on demand. It was not necessary at common law to state in the pleading the circumstances out of which a debt arose further than it was for money had and received by the defendant to the plaintiff's use. Chapman v. Forbes, 123 N. Y. 532, 26 N. E. 3. A complaint averring that the defendant received a certain sum belonging to or on account of the plaintiff is good. Betts v. Bache, 14 Abb. Prac. 279. The allegation of the complaint is that Lee made his assignment for the benefit of creditors on May 9, 1901, and that subsequent to that date the moneys were received by the de-

·fendant. It was unnecessary, therefore, to allege that the defendant had not paid the money over to Lee, who could not be entitled to it; nor do we think it was necessary for the plaintiff to allege that the defendant had not paid over the money to Lee's assignee. The plaintiff claims a right to recover money paid within four months prior to the filing of the petition in bankruptcy—that is, some time within four months prior to August 27, 1901; and his claim is that his rights were fixed as of the date at which the money was received by the defendant. If the defendant has paid over the money since its receipt to Lee's assignee, and that is sufficient to defeat the action, it is a matter of defense, and should be pleaded as such.

The demurrer was properly overruled, and the interlocutory judgment should be affirmed, with costs, with leave to defendant within 20 days to withdraw demurrer and to answer upon payment of costs in this court and in the court below.

HATCH, J., concurs.