### AUDLEY v. TOWNSEND et al.

(Supreme Court, Appellate Division, Second Department. May 1, 1908.)

PLEADING—AMENDMENT TO CONFORM TO VERDICT.

   A complaint cannot be conformed to the proof where there is objection taken in due time to the sufficiency thereof, or to the admission of the evidence necessary to justify a recovery on the ground that it is inadmissible under the pleading, and it is only where no objection is taken, or where at the end of the case, evidence having been received without objection, the question is raised, that the trial court is warranted in making an order amending the pleading to conform to the proof.

   [Ed. Note.—For cases in point, see Cent. Dig. vol. 39, Pleading, § 606.]

   Woodward and Hooker, JJ., dissenting.

Appeal from Trial Term, Westchester County.

Action by Henry Audley against William H. Townsend and others. From a judgment for plaintiff and from an order denying a motion for a new trial (49 Misc. Rep. 23, 96 N. Y. Supp. 439), and from an order allowing plaintiff to amend his complaint, defendants appeal. Reversed, and new trial granted.

Argued before WOODWARD, JENKS, HOOKER, RICH, and MILLER, JJ.

M. S. Guiterman, for appellants.
Thomas H. Rothwell, for respondent.

RICH, J. The only question necessary to be considered in the disposition of this appeal is whether the learned justice who presided at the trial had power, after verdict and motion for a new trial, to direct of his own motion an amendment of the complaint nunc pro tunc, making its allegations conform to the proofs upon

the trial. The facts are briefly stated by the learned trial justice as follows:

"The plaintiff was sheriff of Fond du Lac county, state of Wisconsin. The defendants were merchants in the state of New York, and sent to a firm of attorneys in Wisconsin a commerical claim against a manufacturing corporation in the plaintiff's county for collection. The said attorneys brought an action on the said debt against the said corporation, and obtained therein an attachment against its property. When the sheriff went to the place of business of the corporation to levy, he was met by a claim of ownership by a third person. One of the attorneys for the plaintiffs (now these defendants) who had accompanied him told him in substance, to make the levy, and that the plaintiffs would stand by him and save him harmless. The claimant afterwards brought an action against the sheriff [this plaintiff]· for damages for converting the chattel by his levy. He turned the summons and complaint over to the said attorneys for the plaintiffs in the attachment action, and they defended it. Judgment was obtained against the sheriff, and the recovery in this action by him is for the amount of the said judgment and his fees and expenses in the attachment action, less the amount realized by him by the sale of the chattel levied on. The balance is less than the amount of the said judgment, and the verdict here is for that balance."

The amendment directed is stated in the order as follows:

"That under the law of the state of Wisconsin an attorney at law representing a nonresident client has 'authority to direct a sheriff as to the manner in which he shall levy and goods which he shall seize under a warrant of attachment obtained by the attorney in an action brought by him on behalf of such client, and that such attorney has authority to indemnify the sheriff on behalf of such clients against all damages and costs by reason of making such levy, and that the action of such attorney in directing such levy or making an agreement on behalf of such clients to indemnify the sheriff against harm resulting therefrom is 'binding upon such client."

By the same order the answer was amended nunc pro tunc by the insertion of a denial of each of said allegations.

The learned trial justice states in his opinion denying the motion for a new trial that the law of Wisconsin, upon which the liability of the defendants was predicated and under which the plaintiff herein has recovered, is different from the laws of the state of New York, that the complaint did not allege the law of Wisconsin, and that it is the established law of this state that the laws of another state cannot be proved unless pleaded. From these statements of fact and law it is apparent that, until the complaint was amended by direction and order of the court, it did not state facts sufficient· to constitute a cause of action. In other words, the effect of the amendment was to place the plaintiff for the first time in a position where he was legally entitled to recover upon his alleged cause of action. Had the defendant permitted proof of the Wisconsin statutes to be made without objection, the action of the trial court would have been justified, but the record shows that from the commencement of the trial the defendants were vigilant and insistent in their efforts to prevent the introduction of this evidence, which was absolutely essential to a recovery against them. Counsel moved at the commencement of the trial to dismiss the complaint upon the ground that no cause of action was stated against the defendants, and excepted to the denial of his motion. Upon the examination of the Wisconsin at-

torneys every attempt to prove the laws of that state or the liability of the defendants thereunder was met by the objection that there was no allegation in the complaint of the law which, with its effect upon the defendants, was sought to be proven, because of which evidence thereof was incompetent and inadmissible, and did not tend to prove any fact in issue in the action, and exceptions were in each instance taken to the rulings admitting such evidence. No request to amend the complaint was made, and the defendants had the right to rely upon their exception, the effect of which could not be destroyed and the defendants deprived of their benefit by an amendment to the complaint ordered by the court, without request, after verdict and motion for a new trial.

We concur in the rule, which has become the settled law, that a pleading cannot be conformed to the proof when there is objection taken in due time to the sufficiency of the pleading, or to the admission of the evidence necessary to justify a recovery upon the ground that it is inadmissible under the pleadings; that it is only when no objection is taken, or when, at the end of the case, evidence having been received without objection, and the question is then raised, that the trial court is warranted in making an order amending the pleadings to conform to the proofs. Rutty v. Commercial Fruit Jar Co., 52 Hun, 492, 6 N. Y. Supp. 23; Barnes v. Seligman, 55 Hun, 339, 8 N. Y. Supp. 941; Beard v. Tilghman, 66 Hun, 12, 20 N. Y. Supp. 736; National Bank of Deposit v. Rogers, 44 App. Div. 357, 61 N. Y. Supp. 155; Bossert v. Poerschke, 51 App. Div. 381, 64 N. Y. Supp. 733; Page v. President, etc., D. & H. Canal Co., 76 App. Div. 160; Bjorkegren v. Kirk, 53 Misc. Rep. 560, 78 N. Y. Supp. 454.

The judgment and orders appealed from must be severally reversed and a new trial granted, costs to abide the event.

JENKS and MILLER, JJ., concur; MILLER, J., being also of the opinion that the judgment against the sheriff was not binding upon the defendants. WOODWARD and HOOKER, JJ., dissent.