and checks therefor were received by Kinville, payable to his order; that some of those checks were used to pay in whole or in part the note given by Kinville and the defendant to Fee in payment of the heifers. The defendant was not permitted to show, although he endeavored to do so, what the facts were in respect to these checks, nor that, although they were made payable to the order of Kinville, they really represented money belonging to the defendant. It can no more be said as a matter of law from this record that the three heifers in question had been delivered to Kinville, and were in his possession, than the same thing can be said of the other eight cattle which were on the farm and confessedly belonged to the defendant. We think the learned county judge should have permitted the defendant to show what the facts were in reference to the occupancy of his farm by Kinville, and the arrangement under which he was living and working there and selling the products of the farm and of the defendant's cattle, as bearing on the question as to whether or not the heifers were in the possession of Kinville, or had been delivered to him, within the meaning of the statute.

The judgment and order should be reversed, and a new trial granted, with costs to the appellant to abide the event. All concur, KELLOGG, P. J., in result, except HOWARD, J., who dissents.

---

### MULLEN v. LUIS C. FREES CONST. CO.

(Supreme Court, Appellate Division, First Department. May 5, 1916.)

1. MASTER AND SERVANT ⟐⟐264(7)—ACTION FOR INJURY—PLEADING AND ISSUES —NEGLIGENCE.

In a servant's action for injury, when a beam which was being lowered from the roof fell and struck the plank on which he was standing, so as to precipitate him to the elevator cellar, based on the theory of defendant's negligence in furnishing an unsafe place to work without sufficient protection, and in failing to warn of the danger from the falling or lowering of objects, in failing to employ competent fellow servants and furnish its employés with proper means with which to carry out their work, alleging, among other causes, that the accident happened by reason of defendant's failure to employ a competent superintendent and fellow servants, in which the bill of particulars charged that the superintendent and fellow servants were incompetent, and the notice of claim contained no statement of negligence on the part of the superintendent, save in failing to warn plaintiff of danger, proof of negligence on the part of the superintendent was improperly received, over the objection and exception of the defendant.

[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. § 867; Dec. Dig. ⟐⟐264(7).]

2. PLEADING ⟐⟐237(3)—TRIAL AMENDMENT—CONFORMITY TO PROOF—OBJECTION.

In such case the pleadings could not be amended to conform to the proof of the superintendent's negligence, where there was an objection taken in due time to the sufficiency of the complaint, or to the admission of the evidence necessary to justify a recovery upon the ground that it was inadmissible under the pleadings.

[Ed. Note.—For other cases, see Pleading, Cent. Dig. § 605; Dec. Dig. ⟐⟐237(3).]

⟐⟐For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

3. PLEADING ☞237(3)—VARIANCE—REMEDY.

In such case the plaintiff's only remedy was to ask to withdraw a juror and to apply for the amendment at Special Term.

[Ed. Note.—For other cases, see Pleading, Cent. Dig. § 605; Dec. Dig. ☞237(3).]

4. TRIAL ☞252(11)—INJURY TO SERVANT—ISSUES—SAFE PLACE TO WORK.

In a servant's action for injury while on a plank across the opening in an elevator shaft at the ground floor of a building under construction, when a beam which was being lowered struck the plank and precipitated him into the cellar where his place of work was safe for the purpose for which it was constructed and intended to be used, and the accident happened and the negligence was predicated on the fall of the beam, the submission of defendant's duty to provide a safe place for work, unaccompanied by instructions of any kind as to what that duty consisted of, was erroneous, as inapplicable to the facts.

[Ed. Note.—For other cases, see Trial, Cent. Dig. § 603; Dec. Dig. ☞252(11).]

Appeal from Trial Term, New York County.

Action by Pasquale Mullen against the Luis C. Frees Construction Company. From a judgment for plaintiff, defendant appeals. Judgment reversed, and new trial ordered.

Argued before CLARKE, P. J., and LAUGHLIN, DOWLING, PAGE, and DAVIS, JJ.

Frederick Mellor, of New York City, for appellant.

Moses Feltenstein, of New York City, for respondent.

DOWLING, J. This action is brought under the Employers' Liability Act (Consol. Laws, c. 31, §§ 200–204). Plaintiff was in the employ of defendant as a laborer, and on December 6, 1913, was working for it on a building then in course of construction at 140th street and Third avenue in the city of New York. He was engaged with four other men in lowering of beams from the roof to the ground floor of the building, and at the time of the accident was stationed on a plank which stretched across the opening in the elevator shaft at the ground floor, when one of the beams fell as it was being lowered and struck the plank on which plaintiff was standing, precipitating him to the cellar and inflicting the injuries for which he has recovered damages. There was evidence to the effect that the method used for securing the beams by the rope before they were lowered, which was by a "timber hitch" about six feet from the end of the beam, was not a safe or proper one, and that they should have been fastened by a "timber hitch" about the middle of the beam and a "half hitch" at the end. There was a suggestion that the former method was followed because the rope used was too short for the latter. The defendant offered proof that the mode of fastening followed was a usual one.

[1] Error was committed on the trial in allowing the plaintiff to introduce evidence, over the objection and exception of defendant, as to the alleged negligence of defendant's superintendent or foreman "in the directing of an improper system or method of doing the work, and with knowledge thereof, directing the plaintiff to continue, after knowledge of an improper system being used," and in amending the

complaint by including such an allegation after both sides had rested, and when defendant had asked leave to amend its answer so as to be in a position to question the sufficiency of the notice given under the act. Until the time of the trial, plaintiff had never given the slightest indication of its intention to claim or rely upon any negligence on the part of the defendant's superintendent or foreman as a basis of liability. His complaint was based on the theory of defendant having furnished him an insecure and unsafe place to work, the failure to furnish him with sufficient protection against injury by reason of the falling or lowering of objects, failure to warn him of the danger therefrom, failure to employ competent fellow servants, and failure to furnish the employés with proper means with which to carry on the work. The only allegation which appeared in the complaint in respect to superintendence was that the accident happened, among other causes, "by reason of its failure to employ competent foreman or superintendent and fellow servants or employés." The plaintiff's bill of particulars charged that the "employés or superintendent or foreman in charge of the said work were incompetent" by reason of facts alleged as to their conduct. The notice of claim contained no statement of negligence upon the part of the superintendent or foreman, save of failure to properly warn claimant of the imminent danger when the work was going on. Under the state of the pleadings, proof of negligence upon the part of defendant's superintendent or foreman was improperly received, and the error was not cured, but only aggravated, by the amendment of the complaint allowed after both sides had rested. The objection was taken as early as the opening to the jury by plaintiff's counsel and was urged at every possible opportunity.

[2, 3] The complaint in this action was not broad enough to cover proof of negligence upon the part of the superintendent or foreman (Bertolami v. United Engineering & Contracting Company, 125 App. Div. 584, 109 N. Y. Supp. 1006), and the pleadings could not be amended to conform to the proof where there was objection taken in due time to the sufficiency of the pleading or to the admission of the evidence necessary to justify a recovery upon the ground that it was inadmissible under the pleadings. Audley v. Townsend, 126 App. Div. 431, 110 N. Y. Supp. 575. The only remedy for plaintiff's embarrassment was to ask to withdraw a juror and to apply for the amendment at Special Term.

[4] Error was also committed in submitting to the jury the question of a safe place to work. The plaintiff was working on a building which was in the process of construction. The place in which he was working and where he was standing was safe for the purpose for which it was constructed and intended to be used. The plank on which he stood seems to have been in all ways suited for the purpose to which it was devoted. There is no suggestion that it was not properly placed. The accident happened because of the falling of a beam from above, negligence was predicated on that fall, and that was the only default of defendant for which it could be held responsible. There was nothing in the record to justify the submission to the jury of the bare question of defendant's duty to provide a safe place for plaintiff to work in, unaccompanied by instructions of any kind as to

what that duty consisted of, and inapplicable as it was in any event to the facts in this case. Simpson v. Foundation Co., 132 App. Div. 375, 116 N. Y. Supp. 878; Shatrau v. Sullivan, 201 N. Y. 567, 94 N. E. 609.

Many reversible errors were committed in the refusal to charge specific requests made by defendant, but we deem it unnecessary to discuss them, as a new trial must be had.

The judgment and order appealed from will be reversed, and a new trial ordered, with costs to appellant to abide the event. Order filed. All concur.