### CURTIS *vs.* BROWN.

Where a guaranty of payment is endorsed upon a promissory note, as a distinct and independent agreement, having no connexion with the making of the note, the validity of the guaranty may be sustained by proof of the actual consideration upon which it was made.

And where a consideration is proved, an objection that the guaranty was void by the statute of frauds, for the want of a consideration expressed upon the face of it, will not be sustained.

Where a negotiable promissory note was transferred by the payee, a day or two after its date, and before the same was due, in exchange for a note which the endorsee held against him for borrowed money; and on the back of the note thus transferred was endorsed a guaranty, signed by the payee, in these words, "*I guaranty the payment of the within*;" *Held* that such guaranty was, in legal effect, a promissory note, or an absolute promise to pay the note if the maker should fail to do so when it became due; and that the neglect of the holder to demand payment of the maker, and to give the guarantor notice of non-payment, would not operate to discharge the guarantor from his liability.

In such a case, evidence that, for several years after the note became due, the maker remained solvent, and that when the suit was commenced he was insolvent, is inadmissible.

THIS was an action of assumpsit, tried at the Columbia circuit in September, 1825, before EDMONDS, C. Judge. The plaintiff declared upon a guaranty endorsed on a promissory note. The note given in evidence upon the trial was in the following words: "For value received I promise to pay to Chester Brown or bearer, fifty dollars, six months from date, with use. Canaan, April 2, 1838. [Signed] G. F. Brown." On the back of this note was endorsed a guaranty, signed by the defendant, as follows : " I guaranty the payment of the within." The plaintiff proved that the note was transferred to him by the defendant, in exchange for a note which he held against the defendant for borrowed money; and that the transfer was made a day or two after the note had been given by the maker. The defendant moved for a nonsuit, on the ground that no demand and notice had been proved, and also on the ground that, no consideration being expressed in the guaranty, it was void by the statute of frauds. The motion for a nonsuit was denied,

and the defendant excepted. The defendant also offered to prove, " that from the time the note became due until the latter part of the year 1843, the maker of the note was abundantly responsible and able to pay it, and that since that time he had failed, and was, at the time of the commencement of this suit, utterly insolvent." This evidence was rejected, and the defendant excepted. The jury, under the direction of the circuit judge, gave a verdict for the plaintiff for the amount of the note and interest. The defendant now moved for a new trial, on a bill of exceptions.

*K. Miller*, for the defendant.

*C. L. Monell*, for the plaintiff.

*By the Court*, HARRIS, P. J. If it could now be considered as an open question I should feel inclined to hold, with Mr. Justice Bronson in his dissenting opinion in the case of *Manrow* v. *Durham*, (3 *Hill*, 584,) that the guaranty in this case was void by the statute of frauds, for the want of a consideration expressed. Before the decision of that case it had been held that where the guaranty was endorsed at the time the note was made, and constituted a part of the same transaction, both instruments should be taken together, and the same consideration which would uphold the one, would also support the other. But it had not, I think, been previously decided, that a guaranty endorsed upon a note after the making of the note, as a distinct and independent agreement, could be supported without a new consideration expressed in the instrument itself. In the case referred to, however, it was expressly held that, so far as it respects the form of the guaranty, it is immaterial whether it was endorsed at the time of making the note, and as a part of the same transaction, or whether it was made at a subsequent time and as a distinct agreement, independent of, and collateral to, the original undertaking. The only difference, it is said, is that when the guaranty and the note are contemporaneous, the note may be resorted to for the purpose of sustaining the

guaranty, but when the guaranty is made at a different time it must be sustained by showing an independent consideration.

Although the grounds upon which the majority of the court rest their decision, in the case already referred to, do not seem entirely satisfactory to my mind, yet so long as that case is to be regarded as authority, it must be taken as the settled law of this state, that where a guaranty of payment is endorsed upon a promissory note as a distinct and independent agree- ment, having no connexion with the making of the note, the validity of the guaranty may be sustained by proof of the actual consideration upon which it was made. I am unable in any respect to distinguish the case before the court from that of *Manrow* v. *Durham*. Indeed the plaintiff seems to have shaped his proof in view of the decision of the court in that case. The objection, therefore, that the guaranty was void by the statute of frauds, for the want of a consideration expressed upon the face of it, cannot be sustained.

Nor was the defendant entitled to a nonsuit on the ground that demand of payment, and notice, had not been proved. The legal effect which the decisions of our courts have given to a guaranty like that under consideration, is that it is an absolute promise to pay the note, if the maker fails to do so, when it be- comes due. (*Prosser* v. *Luqueer*, 4 *Hill*, 420.) In the case referred to, although it was held that Prosser, who had signed a guaranty endorsed upon a promissory note, was liable to be sued with the makers, as *an endorser*, under the statute authorizing a joint suit against the several parties to a note or bill of exchange, yet Chancellor Walworth, in delivering the opinion of the court for the correction of errors in that case, uses the following language : " I also think that Prosser, the guar- antor, could have been sued upon this guaranty by the bearer of the note as upon an absolute promise to pay the amount to the bearer when it became due ; constituting the guarantor, in effect, the maker of a promissory note payable to bearer, for the sum, and at the time, specified in the note upon which this guaranty was written." If this be so, it follows that the defen- dant cannot avail himself of the want of demand and notice,

Curtis *v.* Brown.

as he might have done if, instead of endorsing an absolute guaranty upon the note, he had merely endorsed it in blank. I think, therefore, the circuit judge was right in refusing to nonsuit the plaintiff.

One other question, presented by the bill of exceptions, remains to be considered. The defendant, on the trial, offered to show that for several years after the note in question became due, the maker of the note remained solvent, and that when the suit was commencd he was insolvent. Whether or not the circuit judge was right in excluding this evidence must depend upon the construction to be given to the instrument upon which the suit is brought. If the instrument is to be regarded as a guaranty, then it seems to be settled, both upon principle and authority, that the liability of the defendant is only conditional. The legal effect of his contract is that he will pay the amount of the note, upon its dishonor, if within a reasonable time payment is demanded of the maker and notice given him of its dishonor : and the question of reasonable time is ordinarily determined by the fact whether, by the omission to present the note to the maker for payment and to give notice of his failure to pay, the guarantor has sustained any loss or injury. If he has, he is exonerated : if he has not, he remains liable, whatever the delay. On the other hand, if the instrument signed by the defendant is to be regarded as amounting, in substance and legal effect, to a promissory note, then the undertaking is original and absolute. In the one case, the evidence offered by the defendant would have been relevant and proper ; for if the defendant was a guarantor of the note, the neglect of the plaintiff to demand payment of the maker, and to give notice of the non-payment to the defendant until the maker, who was solvent when the note became due and for several years afterwards, became insolvent, would have discharged the liability of the defendant. In the other case, the obligation being absolute, to pay the note when it became due, no neglect of the plaintiff to demand payment of the maker, or to give notice of non-payment—in other words, no delay of the plaintiff to collect the note of the maker, whatever injury may have

resulted therefrom to the defendant—would operate to discharge him from his liability for the payment of the note; and the evidence was therefore irrelevant.

What, then, is the construction to be given to the defendant's contract? The terms used by him in expressing that contract are, " I *guarantee* the payment of the within note." The fair import of this language would seem to be that he intended to limit his liability to that of a guarantor only. In the absence of adjudged cases bearing upon the question, I should not feel at liberty to put an interpretation upon these words, which should have the effect to make the defendant absolutely liable as a maker. The very term "guaranty" seems to imply a conditional liability, and that the guarantor intended merely to warrant the solvency of the maker. But such an interpretation has been given to the term by a series of decisions in this state, which, whatever I may think of the soundness of the reasons upon which they are founded, I do not feel at liberty to disregard. In *Prosser* v. *Luqueer*, already referred to, it was held that a defendant who had signed an instrument upon the back of the note in the following words: " For value received I guarantee the payment of the within note," was bound as a joint and several maker, in the same manner as if he had signed the note as a surety. In *Hough* v. *Gray*, (19 *Wend.* 202,) the court held that a party who endorsed on a promissory note a guaranty in these words: " This may certify that I guarantee the payment of the within note," made himself a joint and several promissor with the admitted maker. (*See also Miller* v. *Gaston*, 2 *Hill*, 188 ; *Ketchell* v. *Burns*, 24 *Wend.* 456 ; *Allen* v. *Rightmere*, 20 *John.* 365 ; *Leggett* v. *Raymond*, 6 *Hill*, 639.) It seems to me, as it did to Mr. Justice Bronson in the case last cited, that the contract, in all these cases, was nothing but a guaranty, and that to give any other effect to the term "guaranty," is, in fact, doing violence to the expressed intention of the parties, and making for them a contract different in effect from that which the terms they have employed to express their contract fairly import. But, as was said by Justice Cowen in *Herrick* v. *Borst*, (4 *Hill*, 656,) " I do

not deny that the error has become inveterate." At least it must be so regarded until the doctrine shall be finally established by the judgment of the highest appellate court. I am of opinion, therefore, that the circuit judge properly excluded the evidence offered by the defendant, and that the motion for a new trial should be denied.

Motion denied.

---

At Chambers, October 30, 1847. Before *Harris*, Justice.