By the Court. Bosworth, Ch. J.
—The defendant promised, unconditionally, that if Chase failed to pay the loan, with interest, within sixty days from the date of the promise, he would pay it after thirty days’ notice of such default. A demand of the principal need not be made before bringing suit against the defendant. (Mann v. Eckford, 15 Wend. 508.) The answer does not deny that Chase failed to pay within the sixty days. (Douglass v. Howland, 24 Wend. 48 ; Whitney v. Groot, Id. 82 ; Smith v. Dann, 6 Hill, 543 ; Curtis v. Brown, 2 Barb. 51.)
The complaint alleges, and the answer, by not denying it, admits that the plaintiffs, on the security of the defendant's guaranty, loaned to Chase $1,000 on the 4th of February, 1860, and that on the 9th of April, 1860, the defendant received written notice that Chase had failed to pay his note for the $1,000, and that the plaintiffs looked to him, as such guarantor, for payment thereof.
The answer does not suggest that the note named in the notice was not given for the loan, but, on the contrary, avers that at the time such notice was served, his guar *497 anty was exhibited to him. And besides, the notice served, states that the note is “'secured” by the defendant. Assuming the note to have been given for the sum loaned, 1 and the answer does not deny it, the notice was sufficient.
The fact that the plaintiffs were indebted to George K. Chase when this suit was commenced, in a sum exceeding the amount of the note, is not a discharge of the defendant’s liability.
The demand in favor of Chase does not belong to the defendant, and he cannot set it off in this action. (La Fargo v. Halsey, 1 Bosw. 171.)
The fact that Chase forbade the defendant to perform his contract, neither discharges it, nor affects the defendant’s liability by reason of it.
The defendant’s written guaranty recites, that “the East River Bank ” is “ an incorporated institution,” and the fact “that he is informed and believes the plaintiffs are not an incorporation,” though averred in his answer, does not amount to a plea “that the plaintiffs are not a corporation.” (2 R. S. 458, § 3.)
If the defendant desired to litigate that question, he should have pleaded the fact expressly. (The Bank of Genesee v. the Patchin Bank, 3 Kern. 309 ; The Union Mu. Ins. Co. v. Osgood & Allen, 1 Duer, 707.)
The answer does not allege it to be true, in point of fact, that the plaintiffs are not a corporation. It states that the defendant “ is informed and believes ” that they are not. Proof that he was so informed, and believed the information to be true, would establish the truth of his “ fourth ” allegation, or head of his answer, but would not subject the plaintiffs to the necessity of proving that his information was erroneous and his belief unfounded.
But the defendant, in his printed points, does not suggest that this part of his answer raises a material issue.
The question on this appeal is, whether the judgment is right on the merits; whether the answer contains a defense, by stating new matter constituting one, or by putting material allegations of the complaint at issue, and not whether *498 the answer is frivolous. (Griswold v. Laverty, 12 Leg. Ob. vol. 12, 316.)
The judgment must be affirmed.
Ordered accordingly.