## LEVENSON v. BRIGGS.

(Supreme Court, Appellate Division, Second Department. June 3, 1904.)

1. ATTACHMENT—PLEADING—AFFIDAVIT.

Plaintiff shows by affidavit, as required by Code Civ. Proc. § 636, to entitle him to an attachment, that he is entitled to recover a sum stated therein; the complaint verified, and so under section 3343, subd. 11, having the force of an affidavit, setting out a good cause of action for breach of a contract to deliver a quantity of Virginia lumber in New York City, and this being supplemented by affidavits that the complaint sets forth the exact contract, and that the price of lumber in New York City at the time for delivery was not less than a certain amount.

Appeal from Special Term.

Action by Morris Levenson against George Stewart Briggs. From an order denying a motion to vacate an attachment, defendant appeals. Affirmed.

Argued before HIRSCHBERG, P. J., and BARTLETT, WOODWARD, JENKS, and HOOKER, JJ.

Edward S. Peck, for appellant.
Feltenstein & Rosenstein, for respondent.

PER CURIAM. This motion was made on the plaintiff's papers, and the appellant urges that there is in the papers no proper proof of the making of the alleged agreement between the plaintiff and defendant, as required under the provisions of section 636 of the Code of Civil Procedure, where the action is for a breach of contract. We think there is no merit in this contention. The complaint sets out a good cause of action for a breach of contract in the failure of the defendant to deliver a quantity of Virginia pine lumber at the dock in the city of New York in accord with an agreement so to do. This complaint is verified, and has all of the force of an affidavit in establishing the facts alleged. Subdivision 11, § 3343, Code Civ. Proc. This complaint is supplemented by an affidavit of the plaintiff, referring to the complaint for the details of the contract, in which the necessary jurisdictional facts are alleged, and then refers to and makes a part of the plaintiff's affidavit the affidavit of one Thomas S. McCool. It appears from the affidavit of Mr. McCool that he was the agent of the plaintiff; that he personally made the contract, in behalf of the plaintiff, with the defendant; and he says that the facts in the complaint were furnished by him, and that they set forth the "exact contract made between the deponent and the aforesaid Briggs, deponent acting as and for the said Levenson." He also shows that he is an experienced dealer in lumber; that he was familiar with the prices of lumber; and states that the price of lumber at the city of New York during all of the time embraced in the contract was not less than $26 per thousand feet for Virginia pine, while the same was purchased at $15 per thousand, the damages being the difference in the purchase price and the price at the time and place of delivery. This presents a much stronger case than Haebler v. Bernharth, 115 N. Y. 459, 22 N. E. 167, and we are of opinion that there is no reason for reversing the order.

The special damages are equally well pleaded and supported, and the plaintiff ought not to be deprived of the advantage which he has gained by acting promptly within the provisions of the statute. If the facts are established on the trial, and they are fully supported by the affidavits, he is entitled to recover, and this recovery ought not to be embarrassed by releasing the property of the defendant within this state.

The order appealed from should be affirmed, with $10 costs and disbursements.