## COUSINS et al. v. SCHLICHTER.

(Supreme Court, Appellate Division, Second Department. December 10, 1909.)

1. ATTACHMENT (§ 113*)—AFFIDAVITS—NONRESIDENCE—SUFFICIENCY OF AFFIDAVIT.

Plaintiff's affidavits for an attachment on the ground of nonresidence stated that defendant was not a resident of the state, but resided in Philadelphia, Pa., and that deponent's knowledge as to defendant's nonresidence was based upon conversations with defendant, upon corre-

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

spondence between him and plaintiff, and upon the letter heads received from defendant in such correspondence; it being stated therein that defendant is the manufacturer of Philadelphia tanks, "Philadelphia" Patent Roof, etc., with his office at a certain street in Philadelphia, and with works at another Pennsylvania town. *Held,* that the affidavit would not support a finding of nonresidence, so as to justify issuance of the attachment on that ground, not stating the conversations referred to, the statements of affiant amounting only to a belief, and not to knowledge, and the other facts being insufficient to show nonresidence.

[Ed. Note.—For other cases, see Attachment, Cent. Dig. § 308; Dec. Dig. § 113.*]

2. ATTACHMENT (§ 142*)—GROUNDS—NONRESIDENCE—FINDING BY COURT.

In order to authorize the issuance of an attachment under Code Civ. Proc. § 636, subd. 2, providing that, to entitle plaintiff to an attachment, he must show to the satisfaction of the court that defendant is not a resident of the state, the court must find as a fact that defendant was a nonresident.

[Ed. Note.—For other cases, see Attachment, Cent. Dig. § 392; Dec. Dig. § 142.*]

Appeal from Special Term, Kings County.

Action by Thomas Cousins and another against Edward F. Schlichter. From an order denying a motion to vacate an attachment, defendant appeals. Reversed, and motion granted.

Argued before HIRSCHBERG, P. J., and WOODWARD, JENKS, THOMAS, and MILLER, JJ.

Walter H. Griffin, for appellant.
John D. Fearhake, for respondents.

MILLER, J. This is an appeal from an order denying a motion to vacate a warrant of attachment. The papers upon which it was granted are challenged upon two grounds, to wit: (1) For not stating the facts to show the extent of the damages claimed (the action is for negligent injury to property); (2) for not stating sufficient facts to show that the defendant was a nonresident. I shall notice only the latter ground. I quote the statement of the affiant relative to the subject of the defendant's residence, viz.:

"That the defendant in said action, Edward F. Schlichter, is not a resident of the state of New York, but that he resides in the city of Philadelphia, state of Pennsylvania. The deponent's knowledge as to the fact that the defendant is not a resident of the state of New York is based upon conversations had with defendant personally, and upon correspondence between plaintiffs and defendant, upon the letter heads of the letters received from defendant in such correspondence; it being stated that defendant is the manufacturer of Philadelphia standard water towers, water and steel tanks for all purposes, 'Philadelphia' patent silo and patent roof, with his office at 1910 Market street, Philadelphia, Pa., and with works at Norristown, Pa."

It will be observed that no fact is stated upon which the judicial mind can base a conclusion. The affiant states as of his own knowledge that the defendant is a nonresident of the state of New York and resides in the state of Pennsylvania; but that statement is so qualified as to show that it was made on information and belief. The affiant states that his knowledge is based on conversations with the defendant. It is apparent that he means "belief," not "knowledge." But it does not suffice that the affiant may be satisfied of the truth of what

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

he states on information and belief. The court, not he, must decide the fact. If the conversations referred to had been stated, the court might conclude that they did not justify that belief, or a finding by the court in accordance with it. The further statement that the defendant's letter heads show that he has an office in Philadelphia and a manufacturing plant at Norristown is not sufficient to establish nonresidence. The ground of the attachment was that the defendant was a nonresident. See subdivision 2, § 636, of the Code of Civil Procedure. The court was required to find as a fact that the defendant was a nonresident before granting the order; but the papers before it disclose nothing upon which to base such a finding, except the opinion of one of the plaintiffs, and that does not suffice.

The order should be reversed, and the motion granted.

Order reversed, with $10 costs and disbursements, and motion granted, with $10 costs. All concur.