(159 App. Div. 640.)

McMAHON v. ROSEVILLE TRUST CO. OF NEWARK, N. J.

(Supreme Court, Appellate Division, First Department.   December 19, 1913.)

1. ATTACHMENT (§ 98*)—AFFIDAVITS—KNOWLEDGE OR INFORMATION.

Under Negotiable Instruments Law (Consol. Laws 1909, c. 38) § 112, providing that the acceptor by accepting an instrument engages to pay it according to the tenor of his acceptance and admits the existence of the drawer, the genuineness of his signature, and his capacity and authority to draw the instrument, and the existence of the payee and his then capacity to indorse, section 323, providing that when a check is certified by the bank on which it is drawn the certification is equivalent to an acceptance, and section 324, providing that when the holder of a check procures it to be accepted or certified the drawer and all indorsers are discharged from liability thereon, in an action on certified checks assigned for value to plaintiff, who alleges that he is the owner and holder of the claim against the defendant thereon, he may in an affidavit for an attachment state the facts appearing upon the face of the checks as of his personal knowledge.

[Ed. Note.—For other cases, see Attachment, Cent. Dig. §§ 252–254;  Dec. Dig. § 98.*]

2. ATTACHMENT (§ 108*)—AFFIDAVITS—AVERMENTS AS TO COUNTERCLAIMS.

Under Code Civ. Proc. § 636, providing that to entitle plaintiff to a warrant of attachment in an action for breach of contract he must show by affidavit that he is entitled to recover a sum stated therein over and above all counterclaims known to him, in an action on an assigned claim, such an affidavit is sufficient without stating that he is entitled to recover such sum over and above all counterclaims known to his assignor.

[Ed. Note.—For other cases, see Attachment, Cent. Dig. §§ 290, 291;  Dec. Dig. § 108.*]

Appeal from Special Term, New York County.

Action by James H. McMahon against the Roseville Trust Company of Newark, N. J.   From an order vacating an attachment, plaintiff appeals.   Reversed, motion to vacate denied, and attachment reinstated.

Argued before INGRAHAM, P. J., and McLAUGHLIN, LAUGHLIN, CLARKE, and SCOTT, JJ.

Breed, Abbott & Morgan, of New York City (Henry H. Abbott, of New York City, of counsel, and Sumner Ford, of New York City, on the brief), for appellant.

Shiland & Hedges, of New York City (Arleigh Pelham, of New York City, of counsel), for respondent.

CLARKE, J.   The complaint alleges that the defendant is a foreign corporation organized under the laws of the state of New Jersey and engaged in carrying on the business of banking at the city of Newark; that on or about August 9, 1913, Home Ice & Products Company, a corporation organized and existing under the laws of New Jersey,

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

made its check in writing, bearing date on that day, and directed it to the defendant bank, and thereby required said bank to pay to Armour & Co. or order the sum of $1,000 and delivered the same to Armour & Co.; that on or about August 9, 1913, the defendant bank in writing accepted and certified such check, which check has since been duly presented to the defendant for payment, but no part thereof has been paid; that thereafter and on or about August 16, 1913, the claim against defendant on said check was duly assigned by Armour & Co. to the plaintiff. The second cause of action contains similar allegations regarding a check for $337.49. None of the allegations of the complaint are upon information and belief and it is duly verified. The affidavit of the plaintiff avers that the defendant is a foreign corporation organized and existing under the laws of the state of New Jersey and is justly and truly indebted to the plaintiff in the sum of $1,337.49, for damages, for breach of a contract other than a contract to marry, which amount is now due and owing to the plaintiff from the defendant over and above all counterclaims known to the plaintiff, upon the following facts, to wit: On or about August 9, 1913, Armour & Co., a corporation organized and existing under the laws of the state of New Jersey, received from the Home Ice & Products Company two certain checks in the sums of $1,000 and $337.49, respectively, drawn by the said Home Ice & Products Company on the Roseville Trust Company of Newark, N. J., payable to the order of Armour & Co., which checks were on August 9, 1913, duly certified for payment by the Roseville Trust Company of Newark, N. J., and assigned to the plaintiff above named for value, and that said James H. McMahon is now the owner and holder of the claim against the defendant on said checks. The affidavit then sets up, as the sources of the deponent's knowledge and information relative to defendant being a foreign corporation, an attached telegram from the Commission of Banking and Insurance of New Jersey, and the statements of the Bankers' Register. It further avers that the sum of $1,337.49 is now justly due and owing to the plaintiff from the defendant by reason of the facts hereinbefore stated. Without putting in any answering affidavits, the defendant moved to vacate the warrant of attachment which had been granted, upon the ground of the insufficiency of the moving papers, and, said motion having been granted, plaintiff appeals.

[1] Section 112 of the Negotiable Instruments Law (chapter 43, Laws 1909; chapter 38, Cons. Laws) provides that:

"The acceptor by accepting the instrument engages that he will pay it according to the tenor of his acceptance; and admits: (1) The existence of the drawer, the genuiness of his signature, and his capacity and authority to draw the instrument; and (2) the existence of the payee and his then capacity to indorse."

Section 323 provides that:

"When a check is certified by the bank on which it is drawn the certification is equivalent to an acceptance."

And section 324:

"When the holder of a check procures it to be accepted or certified the drawer and all indorsers are discharged from liability thereon."

This action being upon certified checks, assigned to the plaintiff for value, who asserts that he is now the owner and holder of the claim against the defendant on said checks, he is entitled to state the facts appearing upon the face of the checks as of his personal knowledge. In Ladenburg v. Commercial Bank of Newfoundland,. 5 App. Div. 219, 39 N. Y. Supp. 119, in denying a motion to vacate a warrant of attachment, this court said:

"Knowledge such as the law required in affidavits of the present description is not necessarily personal observation of the affiant plaintiff. * * * It was therefore quite possible that the bills, with the documentary evidence of protest, were in the possession of the affiant plaintiff when he made his affidavit, and in view of his assertion of knowledge we must assume such to be the case in the absence of evidence to the contrary. If he had these bills and notarial certificates * * * in his possession, his assertion of knowledge was not unfounded. That was knowledge within the sense of the statute. * * * With the documents in his possession he can properly depose upon knowledge and plead upon knowledge."

Proceeding upon negotiable instruments, especially on such a paper as a certified check, which in the business world has almost the currency of legal tender, a plaintiff who holds and owns the paper by assignment is in a vastly different position, for he is acting upon the paper itself, than one who is the assignee of a claim for the price of goods sold and delivered in a far off city, as was the case in Hoormann v. Climax Cycle Co., 9 App. Div. 579, 41 N. Y. Supp. 710, relied upon by respondent. In the latter case, of course there is every presumption that plaintiff could not know of his own knowledge of the actual sale and delivery and price of the several items of goods; while in the former the paper sued on speaks for itself.

[2] The plaintiff avers positively and in the words of the statute (section 636, Code of Civil Procedure) that he is entitled to recover the sum stated over and above all counterclaims known to him. This is sufficient. Bremer v. Ring, 146 App. Div. 724, 131 N. Y. Supp. 487.

"The plaintiff sufficiently shows that he is entitled to recover the amount over and above all counterclaims known to *him*, and this answers the requirement of section 636 of the Code of Civil Procedure without showing that he was entitled to recover said sum over and above all counterclaims known to his assignor."

The order appealed from should be reversed, with $10 costs and disbursements to the appellant, and the motion to vacate the warrant of attachment denied, with $10 costs, and the attachment reinstated. All concur.