## HOUCK MFG. CO. v. STANDARD SCREW PRODUCTS CO. et al.

(Supreme Court, Special Term, Erie County. November, 1914.)

ATTACHMENT (§ 97*)—GROUNDS—NONRESIDENCE—AFFIDAVIT.

An affidavit of nonresidence of a defendant, filed as the basis of an attachment, alleged on information and belief that defendant E. was a resident of Detroit, Mich., that the sources of deponent's information and the grounds of his belief were reports of E.'s employés, who helped pack and ship his furniture to Detroit, and also a letter from E., made part of the affidavit. The letter contained nothing on which a conclusion that defendant was a nonresident could be based, and the affidavit was silent as to what defendant's employés stated to affiant, or what they reported as to E.'s residence. *Held*, that the affidavit was insufficient to sustain a

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

finding that defendant was a nonresident prior to the order of attachment.

[Ed. Note.—For other cases, see Attachment, Cent. Dig. §§ 245–250; Dec. Dig. § 97.*]

Action by the Houck Manufacturing Company against the Standard Screw Products Company and another. On motion by defendants to vacate a warrant of attachment, obtained on the ground that defendant Wellington H. Evans was a nonresident. Granted.

Bartholomew & Bartholomew, of Buffalo, for the motion.
Ansley W. Sawyer, of Buffalo, opposed.

BROWN, J. The affidavit by which it is claimed to have been established that the defendant was a nonresident of New York stated:

Upon information and belief that defendant Evans is a resident of the city of Detroit. Mich.; that during the month of August, 1914, said Evans moved from Buffalo to Detroit, took his family to Detroit, and moved all of his furniture and belongings to Detroit; that he now lives in Detroit, and intends to remain there, and that he is a resident of Detroit; that the sources of deponent's information and the grounds of his belief as to the residence of said Evans are reports of his employés, who helped pack defendant Evans' furniture and shipped the same to Detroit, and also a letter from said defendant Evans, which is annexed hereto, marked "Exhibit A," and made a part hereof.

The letter was written from Detroit by defendant to plaintiff's representative and stated that defendant expected to be in Buffalo Thursday or Friday; that a certain book for which inquiry had been made had been packed with defendant's books; that as soon as defendant's goods arrived defendant would forward the book; that it was unfortunate that the book had been "chucked in with my personal effects." The affidavit is silent as to what it was that the defendant's employés stated to the affiant, or what they reported as to the residence of the defendant. There is nothing in the letter upon which the conclusion that defendant is a nonresident can be based. No fact is stated, either hearsay or otherwise, from which the inference arises that defendant is a nonresident.

If the reports of the defendant's employés made to the affiant had been stated, the court might have concluded that they did not justify the affiant's belief as to defendant's nonresidence. The court was required to find as a fact that the defendant was a nonresident before granting the order; but the papers before it disclosed nothing upon which to base such a finding, except the opinion of the affiant and that does not suffice. Cousins v. Schlichter, 135 App. Div. 779, 119 N. Y. Supp. 899.

Motion to vacate attachment granted, with $10 costs.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes