MARTIN E. STINER and WALTER H. STINER, Copartners, Doing Business under the Firm Name and Style of WILLIAM H. STINER & SON, Appellants, *v.* TENNESSEE COPPER COMPANY, Respondent. (Action No. 1.)

First Department, December 1, 1916.

Attachment — motion to vacate attachment on moving papers denied — prima facie proof that defendant is foreign corporation — proof of damage sustained by breach of contract and warranty.

Where a verified complaint and accompanying affidavits state positively, and not upon information and belief, that the defendant was and still is a foreign corporation organized and existing under the laws of a certain State and this fact is not controverted by the defendant, the papers are sufficient on their face to establish the non-residence of the defendant for the purpose of obtaining a warrant of attachment.

Complaint setting forth breaches of several contracts to sell and deliver goods and also causes based on a breach of warranty as to the quality of a portion of the goods delivered, and accompanying affidavits, examined, and *held*, sufficient to show the damages sustained by the breach of contract and by the breaches of warranty, for the purpose of issuing a warrant of attachment.

APPEAL by the plaintiffs, Martin E. Stiner and another, copartners, from an order of the Supreme Court, made at the New York Special Term and entered in the office of the clerk of the county of New York on the 25th day of September, 1915, vacating a warrant of attachment herein on the papers upon which the same was granted.

*Henry L. Scheuerman* [*Milton Mayer* and *Goodman Block* with him on the brief], for the appellants.

*John B. Stanchfield* [*Edwin C. Vogel, Samuel Kramer* and *George Trosk* with him on the brief], for the respondent.

LAUGHLIN, J.:

The complaint contains twelve causes of action separately stated and numbered. The 1st, 2d, 4th, 6th, 8th, 9th, 10th and 11th causes of action are to recover damages for breaches of a contract in writing made between the parties on the 1st day of September, 1915, by which defendant agreed to deliver at the plaintiffs' works in Buffalo, N. Y., a certain quantity of sulphuric acid during each of the months of December, 1915, and the eleven succeeding months. By the express terms of the contract the shipment agreed to be made each month was to be treated as a separate and independent contract; and these causes of action are for damages for failure to deliver the quantity agreed during eight months of the period. The other causes of action are based on the same contract but they are for breaches of warranty with respect to the quality of the sulphuric acid delivered in four of the months. The ground upon which the warrant of attachment was granted is that the defendant was a foreign corporation. The grounds upon which the warrant of attachment evidently was vacated, and upon which it is sought to sustain the order, are that the moving papers fail to show that the defendant was a foreign corporation, and are insufficient to show the damages sustained by the plaintiffs by the breaches of the contract to deliver the quantity of sulphuric acid agreed to be delivered and for breaches of warranty with respect to the quality of the sulphuric acid delivered.

The complaint, which is verified, alleges, not upon informa-

tion and belief, but positively, that at all the times mentioned in each cause of action the defendant was and still is a foreign corporation duly organized and existing under and by virtue of the laws of the State of New Jersey. The contract which is annexed to the complaint recites that the defendant is a corporation but it does not show under the laws of what State or country it was incorporated. The warrant of attachment was issued on the verified complaint, and on the affidavit of the plaintiff who verified it, and of one Gibbs who was associated with the plaintiffs. The plaintiff who made the affidavit, in his affidavit made the complaint and all the facts stated therein part of his affidavit " with the same force and effect as though the same were fully incorporated herein; " and again states unqualifiedly that the defendant is a foreign corporation organized under the laws of the State of New Jersey, having its principal place of business in the city of Jersey City, N. J.; and that he "has actual personal knowledge of this fact from the transactions which he had with the defendant on behalf of said firm, and from the conversations which he had with the officers of the defendant, including statements made to him by L. D. Vorce, the vice-president of the defendant." Gibbs, in his affidavit, states that he personally conducted most of the transactions between the plaintiffs and the defendant and is thoroughly familiar with all of the dealings between them, and that he " has personal knowledge of the fact that the defendant is a foreign corporation organized under the laws of the State of New Jersey, having its principal place of business in the City of Jersey City, State of New Jersey." It is quite clear that the allegations of the complaint and the statements in the affidavits are sufficient to show that the defendant is a corporation, for by virtue of the provisions of section 1776 of the Code of Civil Procedure the plaintiff, unless a verified answer should be interposed containing an affirmative allegation that the defendant is not a corporation, would not be required to prove that defendant is a corporation. That section of the Code of Civil Procedure was construed by this court in *Steele* v. *Gilmour Manufacturing Company* (77 App. Div. 199) as applicable to an allegation that the defendant was a foreign corporation; and on that ground we

held, in effect, that a positive averment in the complaint or in an affidavit that the defendant was a foreign corporation was sufficient to sustain an attachment on the theory that the defendant was a foreign corporation. It has been held that one of the tests for the determination of the question as to whether the papers upon which a warrant of attachment is granted are sufficient is whether the evidence presented thereby would justify a verdict for the plaintiff (*Anthony & Co.* v. *Fox,* 53 App. Div. 200); and in a well-considered opinion in *Simons* v. *Lehigh Mills Co., Ltd.* (53 Misc. Rep. 368), it was held that the positive allegations of the complaint to the effect that the defendant was a foreign corporation would warrant a recovery on that theory unless there was an affirmative allegation to the contrary in the answer. In *McMahon* v. *Roseville Trust Co.* (159 App. Div. 640) this court held, reversing an order vacating a warrant of attachment, that an affidavit to the effect that the defendant was a corporation organized and existing under the laws of New Jersey, stating that the sources of the affiant's knowledge and information with reference thereto was a telegram from the Commissioner of Banking and Insurance of New Jersey, a copy of which was annexed to the affidavit, and " the statements of the Bankers Register " was sufficient to sustain the attachment on the ground that the defendant was a foreign corporation. It is to be borne in mind that the affidavit by the representative of the plaintiffs who for them transacted the business with the defendant, and the affidavit of the plaintiff who verified the complaint, unqualifiedly state that the defendant's principal office for the transaction of its business is in Jersey City. Those affidavits tend to sustain the averment that the defendant is a foreign corporation. Of course, the conversations with officers of the defendant which are not set forth have no probative force. It is somewhat difficult to present hastily for the purposes of obtaining a warrant of attachment *conclusive* evidence that a corporation is a foreign corporation for that would ordinarily require a duly certified copy of its certificate of incorporation; and, therefore, particularly in view of the provisions of section 1776 of the Code of Civil Procedure, to which reference has been made, the rule with respect to the

proof required that the defendant is a foreign corporation is not as stringent as that laid down by this court in *Cousins* v. *Schlichter* (135 App. Div. 779) with respect to an individual defendant being a non-resident. I am of opinion, therefore, that the moving papers sufficiently show that the defendant is a foreign corporation to confer jurisdiction to issue the warrant of attachment.

With respect to the *damages for the failure to deliver* sulphuric acid the plaintiffs allege generally in each count that they sustained the amount of damages stated therein. The affidavit of the plaintiff who verified the complaint shows the number of tons which the defendant failed to deliver during the months to which each of such causes of action relates; that the market value of the acid at the time when it should have been delivered was eighty dollars per ton; and that by such failure on the part of the defendant to deliver the acid the plaintiffs have sustained damages in the sum of seventy-nine thousand seven hundred and sixty-five dollars and thirty-five cents. This amount is a little more than the difference between the price agreed to be paid by the plaintiffs for the acid, which was thirty-one dollars per ton delivered at Buffalo, and the value of the quantity of acid not delivered, computed at the rate of eighty dollars per ton shown by the affidavit to have been its market value. The difference is doubtless accounted for by interest which is evidently included in the general statement of the damages. The affidavit with respect to the market value is general and does not show specifically in what market the value of the acid was eighty dollars, but the affiant states that he was thoroughly familiar with the market value of sulphuric acid both in Buffalo and in New York city at the time.

With respect to the damages for breach of warranty it is alleged generally in each cause of action what the percentage of sulphuric acid in the acid delivered was; and in each instance it is alleged to have been considerably less than that required by the contract. In each cause of action the difference between the value of the acid delivered and the acid with the percentage of sulphuric acid required by the contract per ton is alleged, and it is also alleged that this difference in each instance was

sixty dollars per ton.  The amount of damages claimed for breaches of warranty with respect to the quality of the acid is the result of a computation on that basis.  The affidavit of the plaintiff shows that the quality of the acid delivered during the four months, for which damages are sought on account of the quality, was not in accordance with the contract; and that it did not contain ninety-seven and one-half per cent sulphuric acid; and that by reason thereof the acid was worth sixty dollars per ton less than it would have been worth had it contained ninety-seven and one-half per cent sulphuric acid as required by the contract; that the market value of the sulphuric acid so delivered during said months was twenty dollars per ton; and that if it had contained the required percentage of sulphuric acid the market value would have been eighty dollars per ton.  The affidavit of Gibbs shows that he has bought and sold large quantities of sulphuric acid during the periods mentioned in the contract, and that he was qualified to state what the market value of sulphuric acid was during those periods; and was thoroughly familiar with the market value of sulphuric acid both in Buffalo and in New York city, and knows that the market value of sulphuric acid during the periods specified in the complaint is correctly stated in the said affidavit of the plaintiff which he has read.

The learned counsel for the defendant contends that neither affidavit shows that the affiant was qualified to speak with respect to the market value either of the surphuric acid as called for by the contract or of the sulphuric acid delivered thereunder which it is . claimed did not contain the required percentage of sulphuric acid; and that these affidavits contain no competent evidence showing that the plaintiffs have sustained any damages from either cause.  We are of opinion that the affidavits sufficiently show the necessary evidentiary facts.  Either of the affiants if called as a witness on the trial would be permitted to testify with respect to the market value of the acid on qualifying substantially as stated in his affidavit.  The delivery was to be made in Buffalo, and each affiant states that he was familiar with the market value of the acid both in Buffalo and in New York city.  The fair inference from the affidavits is, I think, that the market value was the same

in both markets; but if that be not so it would not be reasonable to infer that there was any substantial difference between the market value of the acid in the two cities which are so closely connected by transportation both by rail and water. The ordinary method of proving damages in such a case would be by calling a witness familiar with the market value (See *Levenson* v. *Briggs*, 95 App. Div. 94), and the facts stated in the affidavits sufficiently qualify the affiants to speak with respect thereto for the purpose of showing damages to authorize a warrant of attachment and to sustain it on an attack made solely on the original papers. We have examined the numerous cases cited in the exhaustive brief presented in behalf of the respondent, and have not failed to note the distinction arising between the sufficiency of affidavits to confer jurisdiction to grant an attachment to preclude a review by the Court of Appeals (See *Haebler* v. *Bernharth*, 115 N. Y. 459), and the sufficiency of the evidence to sustain the attachment in the court in which it is granted and on appeal to this court under the well-settled rule that the affidavits must present evidentiary facts showing the damages sought to be recovered. (See *Southwell* v. *Kingsland*, 85 App. Div. 385; *Delafield* v. *Armsby Co.*, 62 id. 262; *Ingalls Stone Co.* v. *Nunn*, 136 id. 142; *Anthony & Co.* v. *Fox*, 53 id. 200; *Kahn* v. *Hollander*, *No. 1*, 140 id. 494; *Levenson* v. *Briggs*, 95 id. 94.) We are of opinion that all the necessary evidentiary facts are sufficiently shown by competent evidence. It follows that the order should be reversed, with ten dollars costs and disbursements, and motion to vacate the warrant of attachment denied, with ten dollars costs, and the attachment reinstated.

CLARKE, P. J., SCOTT, DOWLING and PAGE, JJ., concurred.

Order reversed, with ten dollars costs and disbursements, and motion denied, with ten dollars costs, and attachment reinstated.