JOINT STOCK COMPANY OF VOLGAKAMA OIL AND CHEMICAL FACTORY, Respondent, *v.* THE NATIONAL CITY BANK OF NEW YORK, Appellant.

First Department, November 14, 1924.

Corporations — foreign corporations — action by Russian corporation — allegation on information and belief that plaintiff is not corporation is not specific allegation within meaning of Rules of Civil Practice, rule 93 — evidence — judicial notice — court may take judicial notice of governmental status in Russia since 1917 — allegation that corporate existence of plaintiff was terminated not proven — fact would not be considered if proven, since present alleged government in Russia has not been recognized by United States — defendant is estopped from raising question by dealings with plaintiff.

An issue as to the corporate existence of the plaintiff, an alleged Russian corporation, is not raised under rule 93 of the Rules of Civil Practice, in an action against a bank to recover interest on a deposit and to recover another deposit with interest, by an allegation in the answer upon information and belief that the plaintiff is not a corporation, for such an allegation is not a specific allegation within the meaning of rule 93.

*It seems*, that the courts of this State may take judicial notice of the governmental status existing in Russia since 1917.

The allegation by the defendant that the plaintiff corporation was terminated by an act or decree of the present unrecognized Soviet government of Russia, is not proven and, though competent proof were made of that fact, such proof would not be considered by the courts in this country since the present alleged government of Russia has not been recognized by the United States.

Furthermore, the defendant is estopped from raising the question of the corporate entity of the plaintiff by the fact that it received the money it holds from the plaintiff in its apparent corporate capacity and assumed the obligation to pay out the fund according to its contract as a depositary.

APPEAL by the defendant, The National City Bank of New York, from an order of the Supreme Court, made at the New York Special

Term and entered in the office of the clerk of the county of New York on the 2d day of February, 1924, granting plaintiff's motion to strike out the answer and for summary judgment, which motion was made under rules 104 and 113 of the Rules of Civil Practice, and also from a judgment in favor of the plaintiff, entered in said clerk's office on the 4th day of February, 1924, pursuant to said order.

*Shearman & Sterling* [*Carl A. Mead* of counsel], for the appellant.

*Morris Hillquit,* for the respondent.

McAvoy, J.:

The plaintiff was, on June 12, 1918, and it claims it still is a corporation organized and existing under the laws of Russia. It has brought the two causes of action set out in its complaint, one for interest on a deposit alleged to have been made to the credit of the plaintiff in the defendant bank on June 12, 1918, and the other for another such deposit, with interest, alleged to have been made on June 21, 1918.

The answer denies, on information and belief, that the plaintiff is a corporation organized or existing under the laws of Russia, and alleges, on information and belief, that "neither the plaintiff nor 'Joint Stock Company of Volgakama Oil and Chemical Factory' * * * is now, or has been since sometime in the year 1918, a corporation." The answer also alleges as a separate defense, on information and belief, that about the year 1918 the corporate existence of the company was terminated by decree of the Russian government or otherwise.

The issue of fact is thus attempted to be raised whether or not this plaintiff is now a corporation organized and existing under the laws of Russia. The plaintiff, claiming that no issue of fact was presented as to the plaintiff's corporate existence, made this motion for summary judgment, since there is no other substantial denial of fact nor affirmative allegation by way of defense in the answer.

Rule 93 of the Rules of Civil Practice, which governs the method of raising the issue of corporate existence, provides that "in an action by or against a corporation, the complaint shall state that a plaintiff or defendant, as the case may be, is a corporation, whether domestic or foreign, and if the latter, the State, country or government by or under whose laws it was created," and that "in such an action, the plaintiff need not prove, upon the trial, the existence of the corporation, unless the answer is verified and contains a specific allegation that the plaintiff, or the defendant, as the case may be, is not a corporation."

These provisions are practically the same as sections 1775 and

1776 of the Code of Civil Procedure, the only material change being the substitution of the word " specific " for the word " affirmative."

The language adopted by defendant for contesting the assertion of plaintiff's continued existence as a juridical person is contained in its answer as follows: " It denies, on information and belief, each and every allegation contained in Article First thereof, and it alleges, on information and belief, that neither the plaintiff nor ' Joint Stock Company of Volgakama Oil and Chemical Factory,' hereinafter mentioned, is now, or has been since sometime in the year 1918, a corporation."

Further it is alleged in the affirmative defense: " About the year 1918 the corporate existence of the company, to the credit of which the deposits referred to herein were made, was terminated by a decree or decrees of the Government of Russia, or otherwise."

The learned court at Special Term held that the allegation that the plaintiff was not a corporation raised no issue, for the reason that it was made on information and belief and as such was not a specific allegation of corporate non-existence.

There is no dispute between the parties as to the amount of moneys deposited purporting to be credits of the plaintiff. There is no issue raised of *jus tertii* in the sum of money sought to be recovered herein and admittedly owed by the defendant.

Plaintiff avers that its judgment motion was properly granted on three bases:

1. The answer does not put in issue plaintiff's corporate existence.

2. The defenses that the plaintiff is not now a corporation and has not been a corporation since sometime in the year 1918, and that about the year 1918 its corporate existence was terminated by decree or decrees of the government of Russia or otherwise, both made on information and belief, are not valid defenses.

3. The defendant is estopped from denying plaintiff's corporate existence.

Under the Rules of Civil Practice and formerly under the Code of Civil Procedure a denial of the plaintiff's corporate existence does not raise an issue, whether such denial is made on knowledge or on information and belief. Such a rule follows the very wording of the enactment. No more are the allegations on information and belief in the answer concerning plaintiff's status effective to raise the issue of the plaintiff's corporate existence. When ruling upon like language in the Code of Civil Procedure, except for the change noted above, the allegation on information and belief that the defendant is not a corporation has been found to raise no issue.

The judicial construction of this section in *East River Bank* v. *Rogers* (7 Bosw. 493) gives the reasoning quite uniformly adhered to in the courts. The pertinent excerpt follows:

" The fact ' that he is informed and believes the plaintiffs are not an incorporation,' though averred in his answer, does not amount to a plea ' that the plaintiffs are not a corporation.' (2 R. S. 458, § 3.)

" If the defendant desired to litigate that question, he should have pleaded the fact expressly. (*The Bank of Genesee* v. *The Patchin Bank*, 3 Kern. [13 N. Y.] 309; *The Union Mut. Ins. Co.* v. *Osgood & Alden*, 1 Duer, 707.)

" The answer does not allege it to be true in point of fact, that the plaintiffs are not a corporation. It states that the defendant ' is informed and believes ' that they are not. * * *."

A similar opinion of this section's meaning is contained in the case of *First National Bank* v. *Slattery* (4 App. Div. 421). There the answer contained this allegation: " Upon information and belief, [the defendant] alleges that at the commencement of this action there was not, nor is there now, any such corporation as the ' First National Bank of Saratoga Springs,' as alleged in the first paragraph of the complaint herein." Of this allegation the court said: " The defense attempted to be set up was clearly sham and false and was properly stricken out. The first paragraph of the answer denies, on information and belief, that the plaintiff is a banking association by the name set forth in the complaint. The second paragraph avers, on information and belief, that there is no such corporation as the ' First National Bank of Saratoga Springs ' as alleged in the complaint. Neither of these is ' an affirmative allegation that the plaintiff * * * is not a corporation,' and hence they raise no issue over that question. (Code § 1776; *Concordia, etc., Assn.* v. *Read*, 93 N. Y. 474.) "

In *Bengston* v. *Thingvalla Steamship Co.* (31 Hun, 96) there is a definite declaration of the court that an allegation on information and belief that the plaintiff is not a corporation " is not absolute * * * and especially fails to meet the real allegation." At Special Term in the last cited cause, reported in 3 New York Civil Procedure Reports, page 263, the judge indicated the vice of such an allegation in pointed language. He said: " The answer contains an allegation as follows: ' For a second and separate defense the defendant alleges on information and belief that it is not and never was a corporation.' I do not think this allegation puts in issue the incorporation of the defendant. It is not affirmative allegation. To affirm is to assert positively; to declare the existence of something. An affirmative allegation

is a positive allegation. The allegation in the answer is nothing. It neither affirms nor denies.''

We do not consider that the case of *Second Methodist Episcopal Church* v. *Humphrey* (21 N. Y. Supp. 89), which appellant believes holds a contrary view, is at odds with the general rule. The question actually passed upon in that cause was not the sufficiency of the allegation on information and belief of corporate non-entity, but the sufficiency of the authentication of a certificate of incorporation which the plaintiff offered in evidence. The decision in the case turned on a question of title to certain real estate, and the court in confirming the referee's report stated: '' I can see no reason for writing an opinion in this case. The referee has discussed the questions involved at some length, and I concur with him in the result he arrived at, and, in the main, with his reasoning.''

The court has adverted to the lack of positive assertion in an allegation of this character in *Stiner* v. *Tennessee Copper Co., No. 1* (176 App. Div. 209), where it said: '' The complaint, which is verified, alleges, not upon information and belief, but positively, that at all the times mentioned in each cause of action the defendant was and still is a foreign corporation   *   *   *.''

We conclude that it must be decided that an allegation on information and belief is not a specific or affirmative allegation within the meaning of rule 93 of the Rules of Civil Practice.

Besides this allegation there are set up the defenses that the plaintiff is not now a corporation and has not been a corporation since sometime in the year 1918, and that about the year 1918 its corporate existence was terminated by decree or decrees of the government of Russia, or otherwise. These allegations, too, are made on information and belief.

Defendant admits, nevertheless, in paragraph III of the answer that the money, the balance of which is sought to be recovered herein, was received by the defendant '' for the credit of a Russian corporation, which the defendant then believed to be then in existence, known as ' Joint Stock Company of Volgakama Oil and Chemical Factory.' '' This admission and defendant's allegations in defense imply defendant's belief that plaintiff was a corporation, but assert that its corporate existence had been terminated sometime in the year 1918 by a decree of the Russian government or otherwise.

The affidavit supporting plaintiff's application shows that no Russian government has exercised any function in Russia since November, 1917, except the Russian Socialist Federated Soviet Republic. Indeed as a historical fact the court may take judicial

notice of this event even in the absence of actual proof. The allegations then in effect are that the corporate existence of the plaintiff was terminated by some act or decree of the present unrecognized Soviet government of Russia.

The proof offered by the defendant on this point does not establish such allegation of fact; and, even though it were established, it would not be sufficient in law to raise the issue of the plaintiff's continued corporate existence. The allegations of the affiant who attempts to make the proof are based on unverified English translations of alleged articles appearing in Russian papers obtained by the witness from certain departments of the United States government. But though competent proof were made which definitely established the fact that the corporate existence of the plaintiff was terminated by any act or decree of the Soviet government of Russia, such proof would not be considered by the courts in this country, as has been often latterly decided in New York tribunals and in Federal judicatories.

We have recently ruled in the case of *James & Co.* v. *Second Russian Insurance Co.* (208 App. Div. 141) on this very subject. The defendant in the quoted cause was a corporation organized under the laws of Russia prior to the advent of the Soviet government and doing business in this State under a license issued by the Department of Insurance of the State of New York. The corporation was admittedly dissolved by the Soviet government and the defendant set up the defense that it had thereby ceased to be a corporation. Our ruling was adverse to the defense.

We are quite convinced too that defendant is prevented by the principle of estoppel from now raising this defense of lack of corporate personality. Having dealt with the plaintiff as a corporate entity, received the money it holds from plaintiff in its apparent corporate guise, and assumed the obligation to pay out the fund according to its contract as a depositary, it cannot equitably be heard now to deny the corporate existence of its depositor to escape liability on its obligation.

The answer contained no defenses which are substantial, and the judgment and order appealed from should be affirmed, with costs.

CLARKE, P. J., DOWLING, SMITH and MARTIN, JJ., concur.

Judgment and order affirmed, with costs.