Benjamin Brenner, J.
This is an action for goods sold in which the defendant moves to vacate for legal insufficiency a warrant of attachment and to set aside the service of process thereafter effected upon the basis of the levy issued. Defendant contends that the papers upon which the warrant was granted were jurisdictionally defective in that plaintiff (1) failed to disclose that defendant had a counterclaim against it and (2) failed to submit sufficient evidentiary proof of its assertion that defendant was a foreign corporation (Civ. Prac. Act, § 903).
The warrant was obtained upon a verified complaint and an affidavit made by the corporate president in which he stated that he was 1 ‘ familiar with the facts and circumstances of this action.” After reciting the details of the sale, he avers that the sum demanded 1 ‘ is over and above all counterclaims known to the plaintiff.” The merit’s of plaintiff’s cause as pleaded are not disputed by the defendant. The latter has, however, shown that plaintiff’s president was aware of the existence of a claim which defendant had asserted relative to prior and different transactions, the validity of which the plaintiff disputes. Defendant therefore urges that it was incumbent upon plaintiff, on its application for the warrant, to reveal to the court the existence of the counterclaim and that its failure to do so invalidates the attachment order. Such' a showing is not required under section 903 of the Civil Practice Act in my view of decisional law.
The statutory provision relating to 1 ‘ known ’ ’ counterclaims has ‘ ‘ been generally interpreted as meaning over and above all counterclaims which the plaintiff is willing to concede as just ’ ’ (Bloom v. Wrought Iron Novelty Corp., 128 Misc. 460, 462; Bard-Parker Co. v. Dictograph Prods. Co., 258 App. Div. 638, 640.) This interpretation is based on an unreported Special Term decision by Lehman, J., in Kinsley S. S. Lines v. Atwater & Co., affd., (206 App. Div. 756), cited as authority in the Bloom and Bard-Parher cases (supra). As there explained, the plaintiff’s right to recover a stated sum over and above known counterclaims depends upon two factors: (1) his ability to “ establish his claim” and (2) the defendant’s inability to “ establish any counterclaim which would reduce the plaintiff’s recovery; and plaintiff is none the less entitled to recover a stated sum over and above all counterclaims known to him because a defendant sees fit to make a counterclaim which cannot be sustained and which therefore cannot tend to reduce the recovery of the *733 plaintiff over and above all counterclaims known to him. The knowledge of the plaintiff of a counterclaim by the defendant is immaterial if such counterclaim will not reduce the amount which the plaintiff is entitled to recover.” (See opinion reported in record on appeal, App. Div., 1st Dept., June, 1923, p. 41.) The defendant’s cited cases do not vary the rule as in these the court had no confidence in the plaintiffs ’ averments or which contained unsupported conclusory statements or otherwise failed to substantiate their alleged causes.
As to the sufficiency of plaintiff’s showing that the defendant is a foreign corporation (Civ. Prac. Act, § 903, subd. 1), the verified complaint alleges, not on information and belief, that ‘1 defendant was and still is a foreign corporation, organized and existing pursuant to the laws of the State of Delaware.” The verification is by plaintiff’s president who has declared that he is fully familiar with the facts. I am satisfied upon reading his supporting affidavit that he was in a position to know that his firm was dealing with an out-of-State or foreign corporation and since the evidentiary facts 1 ‘ tend to sustain the averment that the defendant is a foreign corporation” as so expressed by the principal to the transaction, they are sufficient to sustain the warrant of attachment (Stiner v. Tennessee Copper Co., 176 App. Div. 209, 212). The rule in the Stiner case was adopted by this Department in Gratz v. Graves Co. (204 App. Div. 881). Also, the further averment that “ plaintiff’s attorneys have been advised by the Secretary of State of Illinois that the defendant is a Delaware corporation” being cumulative, the failure to have such fact verified by them does not, for the purposes herein, adversely affect my finding. Cases cited by the defendant on this score are also distinguishable as these establish that personal knowledge was lacking or the affiant was. not the principal to the transaction or made the averment on information and belief. Motion denied.